IN THE UNITED STATES DISTRICT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT R. RICHARDSON, M.D. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No: 1:23-cv-00617 |
| | ) | |
| NORTHWESTERN MEMORIAL | ) | |
| HEALTHCARE, and Illinois Corporation; | ) | Honorable Lindsay C. Jenkins |
| CENTRAL DUPAGE PHYSICIAN GROUP | ) | |
| D/B/A NORTHWESTERN MEDICINE | ) | |
| REGIONAL MEDICAL GROUP, an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Plaintiff and Defendants, though their respective counsel, respectfully submit the following Initial Joint Status Report as required by the Court's minute entry of March 21, 2023 [Dkt. 9]:

**1.    The Nature of the Case:**

   A.    Attorneys of Record

   Kent M. Lucaccioni (lead trial attorney)
   Vincent B. Browne
   Kent M. Lucaccioni, Ltd.
   20 South Clark Street, Suite 1700
   Chicago, Illinois 60603
   T: (312) 425-0401
   F: (312) 263-0128
   Email: team@kmlltdlaw.com
   **Attorneys for Plaintiff Robert Richardson, M.D.**

   William George Miossi (lead trial attorney)
   Kara Elizabeth Cooper
   Katherine Stallings Bailey
   Winston & Strawn LLP
   35 West Wacker Drive
   Chicago, Illinois 60601
   T: (312) 558-5600
   F: (312) 558-5700

1

wmiossi@winston.com
kecooper@winston.com
kbailey@winston.com

**Attorneys for Defendants Northwestern Memorial Healthcare and Central DuPage Physician Group d/b/a Northwestern Medicine Regional Medical Group**

B. Nature of the Claims Asserted

Plaintiff claims discrimination based upon age pursuant to the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. 621, *et seq.* Specifically, Plaintiff alleges that Defendants are former employers of the Plaintiff that prohibited Plaintiff from coming to work as a neurosurgeon beginning on March 18, 2020, due to the COVID-19 pandemic and his age, and that Defendants subsequently terminated Plaintiff's employment, effective December 31, 2020, because of his age, in violation of the ADEA.

Defendants deny that they prohibited Plaintiff from working during the COVID-19 pandemic due to his age. Rather, Defendants maintain that Defendant NMRMG did not have work for Plaintiff to perform given that all neurosurgeries (except for emergency neurosurgeries) were postponed due to the COVID-19 pandemic beginning on March 18, 2020. Defendants further deny that they terminated Plaintiff's employment because of his age or engaged in any wrongdoing whatsoever. Rather, Defendants state that Defendant NMRMG terminated Plaintiff's employment agreement for legitimate and non-discriminatory business reasons.

C. Major Legal and Factual Issue

Whether Plaintiff can carry his burden to establish liability against Defendants for alleged discrimination under the ADEA; whether, assuming Plaintiff is able to carry his burden to establish "but for" causation, he will be entitled to any of damages he alleges; whether defenses will apply as to liability and damages, including the defense that Plaintiff has failed to mitigate his alleged damages.

D. Relief Sought

Plaintiff seeks compensation for lost back pay and benefits, front pay, liquidated damages for willful discrimination, attorney's fees and costs.

Defendant denies that it engaged in any unlawful employment practices toward Plaintiff and disagrees that Plaintiff will be entitled to the relief he seeks. Defendant may be entitled to recover its costs of this action.

**2.  Subject Matter Jurisdiction**

Jurisdiction is based upon 28 U.S.C. § 1331.

**3.  Status of Service**

All Defendants have been served and have appeared.

**4.  Consent to Proceed Before United States Magistrate**

Counsel have advised their respective clients that they may consent to proceed before a Magistrate Judge if they consent unanimously; there is not unanimous consent.

**5.  Motions**

   A.  None.

   B.  Defendants have filed an Answer to the Complaint.

**6.  Case Plan**

   A.  Proposed Discovery Plan: The proposed discovery plan is filed herewith as Exhibit A.

   B.  Trial

      (1) A jury trial has been requested.

      (2) The probable length of trial is likely 5-6 days, including *voir dire*.

**7.  Status of Settlement Discussions**

   A.  Settlement discussions have not occurred. On February 27, 2023, Defendants' counsel spoke with Plaintiff's counsel and invited a settlement demand. To date, no settlement demand has been provided.

   B.  There have been no settlement discussions.

   C.  Counsel for Plaintiff believes settlement discussions are premature at this point although a settlement conference may be beneficial in the future. Counsel for Defendants believes that settlement discussions could lead to an early resolution of this case and again invites Plaintiff's counsel to make a settlement demand.

Respectfully submitted this 20th day of April 2023,

By: /s/Kent M. Lucaccioni
Kent M. Lucaccioni (lead trial attorney)
Vincent B. Browne
Kent M. Lucaccioni, Ltd.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
T: (312) 425-0401
F: (312) 263-0128
Email: team@kmlltdlaw.com
**Attorneys for Plaintiff Robert Richardson, M.D.**

/s/William George Miossi
William George Miossi (lead trial attorney)
Kara Elizabeth Cooper
Katherine Stallings Bailey
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700
wmiossi@winston.com
kecooper@winston.com
kbailey@winston.com
**Attorneys for Defendants Northwestern Memorial Healthcare and Central DuPage Physician Group d/b/a Northwestern Medicine Regional Medical Group**